IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JUDITH L. WULF,

           Plaintiff,

vs.                                    Case No. 09-1348-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

           Defendant.


MEMORANDUM AND ORDER


    Plaintiff appealed the final decision of the Commissioner that denied her disability insurance benefits (Doc. 1). On January 26, 2011, the Court reversed the Commissioner's decision and remanded the case for further proceedings (Doc. 15). On March 7, 2011, the Court awarded plaintiff $4,492.70 in attorney fees under the Equal Access to Justice Act (EAJA) and $350.00 in costs (Doc. 19). On October 29, 2011, defendant awarded plaintiff $39,143.40 for past due disability insurance benefits (Doc. 21-3). Plaintiff's attorney has filed a motion for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 20-21). Defendant filed a response, indicating that he does not object to an award of attorney fees under § 406(b), and requesting that the order approved represent a reasonable fee (Doc. 22).

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits."  This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits.  <u>Wrenn ex rel. Wrenn v. Astrue</u>, 525 F.3d 931, 933 (10th Cir. 2008).  Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case.  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002).

In exchange for representation in her case, plaintiff agreed to pay her attorney, Kyle Saunders, the greater of either 25% of the past-due benefits, or the amount counsel is able to obtain pursuant to the Equal Access to Justice Act (EAJA) (Doc. 21-1).  Mr. Saunders seeks § 406(b) attorney fees of $8,250.00, or 21% of past-due benefits (Doc. 21 at 8).  Counsel indicated that he spent a total of 25.70 hours on the civil litigation (Doc. 21 at 10-11; Doc. 21-5).  The fee request thus represents an effective hourly rate of $321.01 (Doc. 21 at 11).

In the case of <u>Vaughn v. Astrue</u>, Case No. 06-2213-KHV, 2008 WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that

$344.73 was a reasonable hourly fee.  In Smith v. Astrue, Case No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court approved an hourly fee of $389.61.  See Robbins v. Barnhart, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the Commissioner noted that, in interpreting Gisbrecht, courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).  Thus, the requested hourly fee by counsel is somewhat less than the hourly fees approved in Vaughn and Smith, and lower than the range noted by the Commissioner in Robbins.  The court therefore finds that a § 406(b) fee of $8,250.00, which represents an hourly fee of $321.01 (for 25.70 hours) is a reasonable fee in this case.

IT IS THEREFORE ORDERED that the motion by plaintiff's attorney for an award of attorney fees under 42 U.S.C. §406(b) (Doc. 20-21) is granted.  Plaintiff's attorney, Kyle Saunders, is entitled to $8,250.00 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past due benefits.[1]

IT IS FURTHER ORDERED that plaintiff's counsel, Kyle Saunders, shall refund to plaintiff $4,492.70, which he received

---

[1] The brief from plaintiff's counsel indicates that some of this money may have already been disbursed, possibly to plaintiff (Doc. 21 at 13 n.3).  The court will expect plaintiff's counsel, defendant and plaintiff to disburse or distribute the money such that plaintiff's counsel receives the $8,250.00 § 406(b) fee, minus the EAJA fee of $4,492.70, or $3,757.30, with any remaining money withheld by the defendant or held by plaintiff's attorney to be paid to the plaintiff.

as fees under the Equal Access to Justice Act (EAJA) after plaintiff's attorney receives $8,250.00 from the Commissioner.

Dated this 30th day of May, 2012, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge